IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ALMA A. SAUL,

        Plaintiff,

v.                                          1:24-cv-01247-MLG-JMR

MTGLQ INVESTORS, LP,

        Defendants.

## **PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

THIS MATTER comes before the Court on Defendant MTGLQ Investors, LP's ("MTGLQ") Motion to Dismiss. Doc. 8; Doc. 16 (errata adding missing exhibits). Ms. Saul, proceeding *pro se*, filed a response. Doc. 11. MTGLQ filed a reply. Doc. 12. The Honorable District Judge Matthew L. Garcia referred the matter to me pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (b)(3) to conduct hearings, if warranted, and to perform any legal analysis required to recommend to the Court an ultimate disposition of this case. Doc. 15. Having reviewed the briefing and the relevant law, I recommend that the Court GRANT MTGLQ's Motion to Dismiss (Doc. 8) and dismiss the case with prejudice.

As MTGLQ stated, "This matter is Plaintiff's transparent attempt to relitigate issues already heard and decided by the Second Judicial District Court of Bernalillo County, New Mexico nearly five years ago. *See MTGLQ Investors, L.P., vs. Alma A. Saul et al*, No. D-202-CV-2014-00356." Doc. 8 at 1.

**I.    Background**

In the complaint, Ms. Saul alleges that MTGLQ committed "fraud."[1] Doc. 1. at 2. She

---

[1] In the response to the Motion to Dismiss, Ms. Saul seemingly attempts to expand her claims. *See* Doc. 12. "The nature of a Rule 12(b)(6) motion tests the sufficiency of the allegations within

explains that MTGLQ allegedly "inflat[ed] payoff charges" to "deprive Plaintiff of her right to pay off the correct mortgage balance owed," in relation to a mortgage for real property. *Id.* She also states that Defendant "willfully inflated" attorneys' fees. *Id.* The context of these fees is not clear from the face of the complaint, but MTGLQ explains that it was awarded attorneys' fees by a New Mexico state court in an underlying foreclosure action. Doc. 11 at 2; *MTGLQ Investors, L.P. v. Alma A. Saul, et al.*, No. D-202-CV-2014-00356 (N.M. 2d. Jud. Dist. filed Jan. 13, 2014). Ms. Saul confirms this understanding in her response. Doc. 12.

In the underlying action, the Second Judicial District Court of New Mexico granted MTGLQ's motion for *in rem* summary judgment against Ms. Saul for failure to pay her mortgage. Doc. 16 at 4–11 (Exh. A). As a part of that judgment, the court ordered Ms. Saul to pay MTGLQ's attorneys' fees as well as the principal balance of the mortgage, interest, and related fees and taxes. *Id.* at 8. After the state court granted the motion for summary judgment, Ms. Saul attempted to file a counterclaim alleging that MTGLQ committed "Civil Fraud."[2] Doc. 16 at 12–22 (Exh. B). The state court struck the counterclaim reasoning that the issues had already been litigated "and ruled against with the Court's entry of the *In Rem* Summary Judgment." Doc. 16 at 24 (Exh. C).

---

the four corners of the complaint after taking those allegations as true . . . and we will not consider evidence or allegations outside the four corners of the complaint. . . ." *Waller v. City & Cnty. of Denver*, 932 F.3d 1277, 1286 n.1 (10th Cir. 2019) (citation omitted).

[2] Notably, Ms. Saul has sued MTGLQ Investors, LP alleging fraud in at least three other federal actions, which were each dismissed on procedural grounds. *See Saul, et al. v. U.S. Bank National Association, et al.*, 1:23-cv-00682-MIS-JMR (filed Aug. 16, 2023); *Saul, et al. v. U.S. Bank National Association, et al.*, 1:24-cv-00362-DHU-KK (filed April 15, 2024); *Saul v. MTGLQ Investors, L.P, et al.*, 1:24-cv-00636-KWR-LF (filed June 20, 2024).

Ms. Saul's complaint is not a model of clarity. *See generally* Doc. 1. It provides very little context for her allegations, and it is difficult to parse. However, because Ms. Saul is a *pro se* litigant, the Court attempts to parse out her intended meaning. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("[I]f the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements.").

The Court sees two potential readings of Ms. Saul's complaint. One could read Ms. Saul's complaint as an attempt to appeal the state court's fee award order because she believes that MTGLQ fraudulently inflated the amount of money awarded. Alternatively, one could read Ms. Saul's complaint as a separate fraud claim against MTGLQ for inflating the amount of money owed, which is related to but distinct from the state court's fee award.

## II. Motion to Dismiss Legal Standard

Rule 12(b)(6) authorizes a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The nature of a Rule 12(b)(6) motion tests the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). "A court need not accept legal conclusions as true, but '[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *McAuliffe v. Vail Corp.*, 69 F.4th 1130, 1143 (10th Cir. 2023) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).

## III. Discussion

MTGLQ argues that Ms. Saul's suit is barred by the *Rooker-Feldman* doctrine, claim

preclusion, and issue preclusion. Doc. 8 at 3–7. MTGLQ also argues that Ms. Saul fails to adequately plead a claim for fraud under Rule 9(b). *Id.* at 7–8. As stated, the Court can read Ms. Saul's complaint in one of two ways: (1) as an appeal of the state court's monetary award or (2) a separate claim that MTGLQ committed fraud by inflating the amount of money Ms. Saul owed under the state court's fee award order. *See supra* § I. The former reading is barred by the *Rooker-Feldman* doctrine. *See infra* § III(a). The latter reading is barred by the issue preclusion doctrine. *See infra* § III(b).

Because these findings are dispositive, I do not decide whether Ms. Saul's complaint is barred by the claim preclusion doctrine or fails to adequately plead a fraud claim under Rule 9(b).

### A. *Rooker-Feldman* Doctrine

First, to the extent that Ms. Saul is requesting that this Court modify the state court's fee award, her complaint is barred by the *Rooker-Feldman* doctrine. "[U]nder what has come to be known as the *Rooker–Feldman* doctrine, lower federal courts," such as this one, "are precluded from exercising appellate jurisdiction over final state-court judgments." *Lance v. Dennis*, 546 U.S. 459, 463 (2006).

The *Rooker-Feldman* doctrine prohibits "a federal action that tries to *modify or set aside* a state-court judgment because the state proceedings should not have led to that judgment." *Mayotte v. U.S. Bank Nat'l Ass'n for Structured Asset Inv. Loan Tr. Mortg. Pass-Through Certificates, Series 2006-4*, 880 F.3d 1169, 1174 (10th Cir. 2018) (citation omitted). "The *Rooker-Feldman* doctrine prevents the lower federal courts from exercising jurisdiction over cases brought by state-court losers challenging state-court judgments rendered before the district court proceedings commenced." *Erlandson v. Northglenn Mun. Ct.*, 528 F.3d 785, 788 (10th Cir.

2008) (citation omitted). "*Rooker-Feldman* is a jurisdictional limit on federal district and appellate courts, and it prohibits us from reviewing state court decisions." *Id.* at 789 (quoting *Meadows v. Okla. City Mun. Court*, 247 F. App'x 116, 118 (10th Cir. 2007) (unpublished)). "[T]he purpose of the bar is to prevent a state court litigant from circumventing the appellate structure established by 28 U.S.C. § 1257(a)." *Bear v. Patton*, 451 F.3d 639, 642 (10th Cir. 2006).

"*Rooker-Feldman*'s jurisdictional bar applies when (1) the plaintiff lost in state court, (2) the state court judgment caused the plaintiff's injuries, (3) the state court rendered judgment before the plaintiff filed the federal claim, and (4) the plaintiff is asking the district court to review and reject," or modify, "the state court judgment." *Graff v. Aberdeen Enterprizes, II, Inc.*, 65 F.4th 500, 514 (10th Cir. 2023) (quotation omitted); *Mayotte*, 880 F.3d at 1174. "*Rooker-Feldman* does not bar a federal court claim merely because it seeks relief inconsistent with a state court judgment." *Graff*, 65 F.4th at 515.

Here, all four requirements for a *Rooker-Feldman* bar are met. First, Ms. Saul plainly lost in state court. *See Graff*, 65 F.4th at 514. The state court granted summary judgment against Ms. Saul for failing to pay her mortgage, foreclosed on the relevant property, and ordered Ms. Saul to pay the principal balance, interest, MTGLQ's attorneys' fees, and several other costs, taxes, and fees. *See* Doc. 16 at 4–11 (Exh. A). Second, the state court judgment is the cause of Ms. Saul's alleged injuries. *See Graff*, 65 F.4th at 514. Ms. Saul was allegedly injured by the state court's order that she pay the allegedly "inflat[ed] payoff charges" and "attorney fees." Doc. 1 at 2–3. Third, the state court's order was final. *See Graff*, 65 F.4th at 514. The property has been foreclosed upon and sold. *See MTGLQ Investors, L.P. v. Alma A. Saul, et al.*, No. D-202-CV-2014-00356 (N.M. 2d. Jud. Dist. filed Jan. 13, 2014); *see also MTGLQ Investors, LP v.*

5

*Wellington*, 856 F. App'x 146, 152–53 (10th Cir. 2021) (judgment of foreclosure and sale of property was a final judgment for appeal purposes). Fourth, Ms. Saul is trying to "*modify or set aside* a state-court judgment" requiring her to pay these fees. *See Mayotte*, 880 F.3d at 1174. Accordingly, Ms. Saul's complaint is barred by the *Rooker-Feldman* doctrine.

### B. Issue Preclusion

Second, to the extent that Ms. Saul intends to institute a new claim against MTGLQ for allegedly defrauding her by inflating the amount owed, her complaint is barred by the doctrine of issue preclusion.

"The doctrine of issue preclusion prevents a party that has lost the battle over an issue in one lawsuit from relitigating the same issue in another lawsuit." *In re Corey*, 583 F.3d 1249, 1251 (10th Cir. 2009). Because this Court is sitting in diversity jurisdiction, New Mexico law regarding issue preclusion applies. *See, e.g.*, *LaFleur v. Teen Help*, 342 F.3d 1145, 1150 (10th Cir. 2003) (applying state issue preclusion law in diversity action).

Under New Mexico law, there are four requirements for issue preclusion:

> (1) the party to be estopped was a party to the prior proceeding, (2) the cause of action in the case presently before the court is different from the cause of action in the prior adjudication, (3) the issue was actually litigated in the prior adjudication, and (4) the issue was necessarily determined in the prior litigation.

*Ideal v. Burlington Res. Oil & Gas Co. LP*, 2010-NMSC-022, ¶ 9, 148 N.M. 228, 231–32, 233 P.3d 362, 365–66

In the underlying action, the New Mexico court granted summary judgment in MTGLQ's favor and awarded fees. *See* Doc. 16 at 4–11 (Exh. A). The state court did so after receiving and reviewing multiple filings from Ms. Saul. In those filings, Ms. Saul complained, as she does here, about MTGLQ's claimed attorneys' fees. *See, e.g.*, "Defendants Motion/Request for Sanctions Against Plaintiff for 'False or Unverified Statements,'" *MTGLQ Investors, L.P. v.*

*Alma A. Saul, et al.*, No. D-202-CV-2014-00356 (N.M. 2d. Jud. Dist. filed Dec. 16, 2019) ("It is inconceivable that MTGLQ attorney fees of over $11,000 were suddenly incurred, during only this past year. . . ."). Ms. Saul also accused MTGLQ of fraud, as she does here, regarding the appropriate mortgage interest rate. *See, e.g.*, "Defendant Alma A. Saul's Documentation of Her 'Reply to Plaintiffs Motion for *In Rem* Summary Judgment and Order for Foreclosure Sale,'" *MTGLQ Investors, L.P. v. Alma A. Saul, et al.*, No. D-202-CV-2014-00356 (N.M. 2d. Jud. Dist. filed Oct. 22, 2019) ("[MTGLQ] has perpetrated Fraud in its deceptive misrepresentation of proposing an excessive mortgage 'Interest Rate' of 6.5% APR."). Additionally, Ms. Saul attempted to file a counterclaim regarding the same alleged fraud that she complains of in this action. Doc. 16 at 12–22 (Exh. B). The state court struck the counterclaim as redundant of the issues decided in its entry of the *in rem* summary judgment. Doc. 16 at 23–25 (Exh. C). The state court explained, "The law of the case doctrine is applicable to the counterclaim as the doctrine disallows re-litigation of issues already determined by the Court." *Id.*; *see also Alba v. Hayden*, 2010-NMCA-037, ¶ 7, 148 N.M. 465, 467, 237 P.3d 767, 769 ("Under the law of the case doctrine, a decision on an issue of law made at one stage of a case becomes a binding precedent in successive stages of the same litigation.").

Based on this information, all four requirements for issue preclusion are met in this case. First, Ms. Saul was a party in the state court proceeding. *See Ideal*, 2010-NMSC-022, ¶ 9. Second, the cause of action in both cases differs. *See id.* This case is a civil fraud action brought by Ms. Saul. Doc. 1. *But see supra* § III (alternative reading of the complaint). The state court case, on the other hand, was a foreclosure action brought by MTGLQ. *See MTGLQ Investors, L.P. v. Alma A. Saul, et al.*, No. D-202-CV-2014-00356 (N.M. 2d. Jud. Dist. filed Jan. 13, 2014).

Third, the determination of the allegedly inflated monetary awards was actually litigated

7

in the state court case. *See Ideal*, 2010-NMSC-022, ¶ 9. Ms. Saul argues that the state court "ignored meritorious allegations of fraud." Doc. 11 at 6. However, the state court reviewed Ms. Saul's filings accusing MTGLQ of fraud, and it declined to find that MTGLQ committed fraud. *See, e.g.*, "Order Resolving Pending Motions," *MTGLQ Investors, L.P. v. Alma A. Saul, et al.*, No. D-202-CV-2014-00356 (N.M. 2d. Jud. Dist. filed May 14, 2020). Ms. Saul also argues that she "wanted jury trials," in state court. Doc. 11 at 4. But when summary judgment is appropriate, as it was here, a party is not entitled to a civil jury trial. *See* N.M.R. Civ. P. 1-056(C) (Summary judgment "shall be rendered forthwith if . . . there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."). Persuasively, the state court itself determined that Ms. Saul's fraud allegations had already been litigated when the state court struck Ms. Saul's counterclaim. *See* Doc. 16 at 24 (Exh. C).

Fourth, the allegedly inflated fee award was necessarily determined by the state court when it awarded the monetary award. *See Ideal*, 2010-NMSC-022, ¶ 9. When the state court granted MTGLQ's summary judgment motion and awarded fees, it necessarily determined that the fees were appropriate. *See* Doc. 16 at 4–11 (Exh. A). Ms. Saul brought these fraud allegations to the state court's attention, and the state court decided to order Ms. Saul to pay anyway.

As such, all four requirements for issue preclusion are met. Ms. Saul is precluded from re-litigating her fraud claims here in federal court.

## IV.   Recommendation

I recommend the Court GRANT Defendant's Motion to Dismiss (Doc. 8). If Plaintiff's complaint is read as an appeal of the state court's monetary award, it is barred by the *Rooker-Feldman* doctrine. *See supra* § III(a). If Plaintiff's complaint is read as a separate civil fraud

claim, it is barred by the issue preclusion doctrine. *See supra* § III(b). Regardless, the complaint is barred and should be dismissed with prejudice.

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). Written objections must be both timely and specific.** *United States v. One Parcel of Real Prop., With Buildings, Appurtenances, Improvements, & Contents, Known as: 2121 E. 30th St., Tulsa, Oklahoma***, 73 F.3d 1057, 1060 (10th Cir. 1996). A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. Failure to file timely and specific objections will result in waiver of** *de novo* **review by a district or appellate court.** *Id.* **In other words, if no objections are filed, no appellate review will be allowed.**

_____
JENNIFER M. ROZZONI
United States Magistrate Judge